1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN FOBROY,

           Plaintiff,

     v.

VIDEO ONLY, INC.,

           Defendant.

_____/

No. C-13-4083 EMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**(Docket No. 40)**

## I.   INTRODUCTION

Plaintiff Brian Fobroy brought the instant action alleging that his former employer, Defendant Video Only, Inc., violated various provisions of the California Labor Code. Plaintiff asserts a number of California Labor Code claims and also seeks to represent all aggrieved current and former employees of Defendant under California's Private Attorney General Act ("PAGA"). Pending before the Court is Defendant's motion for summary judgment or, in the alternative, motion for partial summary judgment. For the following reasons Defendant's motion for summary judgment is **GRANTED** in part and **DENIED** in part.

## II.   DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure 56(a) provides a court shall grant summary judgment to the moving party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See*

1  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  "The mere existence of a scintilla of

2  evidence . . .  will be insufficient; there must be evidence on which the jury could reasonably find

3  for the [nonmoving party]."  *Id.* at 252.  At the summary judgment stage, evidence must be viewed

4  in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in

5  the nonmovant's favor.  *See id.* at 255.  Where the plaintiff has the ultimate burden of proof, the

6  defendant may prevail on a motion for summary judgment simply by pointing to the plaintiff's

7  failure "to make a showing sufficient to establish the existence of an element essential to [the

8  plaintiff's] case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

9  B.    Defendant's Motion for Summary Judgment on Plaintiff's Meal and Rest Break Claims Is

10        Denied

11        Plaintiff's first cause of action alleges that Defendant failed to afford its employees,

12  including Plaintiff, with meal and/or rest breaks in violation of California Labor Code § 226.7 and §

13  512(a).  Section 226.7 provides, in relevant part, that an "employer shall not require an employee to

14  work during a meal or rest or recovery period mandated pursuant to an applicable statute, or

15  applicable regulation, standard, or order of the Industrial Welfare Commission."  Cal. Labor Code §

16  226.7(b).  If an employer fails to provide an employee with a meal or rest period in accordance with

17  state law, "the employer shall pay the employee one additional hour of pay at the employee's regular

18  rate of compensation for each workday that the meal or rest or recovery period is not provided."  *Id.*

19  § 226.7(c).

20        Section 512 provides, in relevant part, that an employer "may not employ an employee for a

21  work period of more than five hours per day without providing the employee with a meal period of

22  not less than 30 minutes."  Cal. labor Code § 512(a).  Similarly, under applicable wage orders, an

23  employee must "authorize and permit all employees to take rest periods," and that employees will be

24  paid for such rest periods.  *See* 8 Cal. Code of Reg. § 11040, § 12; *see also Murphy v. Kenneth Cole*

25  *Productions, Inc.*, 40 Cal. 4th 1094, 1104 (2007) ("[E]mployees are entitled to an unpaid 30-minute,

26  duty-free meal period after working for five hours and a paid 10-minute rest period per four hours of

27  work.").  Employers need not force employees to take these breaks, but rather must "relieve[] its

28  employees of all duty, relinquish[] control over their activities and permit[] them a reasonable

United States District Court

For the Northern District of California

1   opportunity" to take the break and may not "impede or discourage them from doing so." *Brinker*

2   *Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040-41 (2012).

3       Plaintiff has demonstrated the existence of a genuine dispute of material fact as to whether he

4   and his fellow employees were provided with legally compliant meal and rest breaks.  First,

5   Defendant's employee handbook provides that employees receive *unpaid* 10-minute breaks – a

6   provision that conflicts with the applicable wage order.  *See* Fobroy Decl., Ex. C (Docket No. 41-2).

7   That Plaintiff was paid for working through his breaks is irrelevant.  *See Murphy*, 40 Cal. 4th at

8   1104.  Second, Plaintiff has testified that employees were unable to take their meal or rest breaks

9   because of Defendant's busy workload.  *See, e.g.*,  Fobroy Depo. at 105:9-22.  He further testified

10  there were instances where supervisors either expressly or implicitly prevented him from taking his

11  breaks due to the amount of work.  *See, e.g.*, *id.* at 106:24 - 107:3; *id.* at 117:8-10.  Maintaining a

12  work schedule for employees that makes it difficult or impossible for employees to take a break has

13  been found sufficient to find a violation of the California Labor Code or applicable wage orders.

14  *See, e.g.*, *Davenport v. Wendy's Co.*, No. 2:14-cv-0931 JAM DAD, 2014 WL 3735611, at *6 (E.D.

15  Cal. July 28, 2014); *Fields v. West Marine Products Inc.*, No. C13-04916, 2014 WL 547502, at *5

16  (N.D. Cal. Feb. 7, 2014).

17      Plaintiff has introduced sufficient evidence from which it can be inferred that Defendant

18  "imped[ed] or discourag[ed]" its employees from taking their meal and rest periods.  *Brinker*, 53

19  Cal. 4th at 1041.  Accordingly, Defendant's motion for summary judgment on Plaintiff's meal and

20  rest break claim is **DENIED**.

21  C.   Defendant's Motion for Summary Judgment as to Plaintiff's Overtime and Minimum Wage

22       Claims Is Granted

23      Plaintiff's second and sixth causes of action are based on Defendant's alleged failure to pay

24  Plaintiff overtime wages to which he was entitled and to pay Plaintiff a minimum wage,

25  respectively.  California Labor Code § 510 provides that "[e]ight hours of labor constitutes a day's

26  work" and that any work in "excess of eight hours in one workday and any work in excess of 40

27  hours in any one workweek and the first eight hours worked on the seventh day of work in any one

28  workweek shall be compensated at the rate of no less than one and one-half times the regular rate of

United States District Court

For the Northern District of California

pay for an employee." Cal. Labor Code § 510(a).  Labor Code § 1194 provides that any employee who receives "less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation" including interest, costs, and attorney's fees. *Id.* § 1194.

In his opposition to summary judgment, Plaintiff only argues that the claims should survive summary judgment to the same extent his "uniform pay dates" and "itemized wage statement" claims, discussed *infra*, survive.  According to Plaintiff, this is because these pay date and wage statement deficiencies resulted in Plaintiff being "unable to accurately tell if he was paid for all hours worked, including for any overtime hours worked above 8 in a day or 40 in a week." Docket No. 41, at 12.  He thus argues that "an employer generally has an obligation to maintain accurate wage records, and where they do not, a presumption of unpaid work exists." Docket No. 41, at 12-13.  Plaintiff, however, cites no authority for the proposition that a "presumption" of unpaid work arises even where an employer fails to designate pay periods or provide accurate wage statements and the Court has found none.

Additionally, despite discovery having closed in this case and Plaintiff having access to his time cards and wage statements, Plaintiff has failed to articulate any instance of Defendant even potentially having failed to pay him overtime for work in excess of 8 hours in a single day or 40 hours in a single workweek.  It seems evident that, for example, that Plaintiff would know if he worked more than 8 hours on any particular day even if his wage statements were unclear or the pay dates not uniform.  Accordingly, Defendant's motion for summary judgment as to Plaintiff's second and sixth causes of action will be **GRANTED**.

D.     Defendants Motion for Summary Judgment on Plaintiff's § 226(a) Cause of Action Is
        Granted in Part and Denied in Part

Plaintiffs' third cause of action alleges that Defendant violated California Labor Code  § 226 by failing to provide accurate itemized wage statements each pay period.  Cal. Labor Code  § 226(a) requires an employer to provide its employees, at the time of payment, an "accurate itemized statement in writing" that contains specific information.  *Id.*  Relevant for this action, the itemized wage statement must include "the inclusive dates of the period for which the employee is paid."  *Id.*

United States District Court

For the Northern District of California

1  § 226(a)(6).  An employee "suffering injury" as a result of a knowing and intentional failure of the

2  employer to provide this itemized statement may recover a maximum in $4,000 in statutory damages

3  as well as reasonable costs and attorney's fees.  *Id.*  § 226(e)(1).  A plaintiff asserting a claim under

4  Labor Code § 226 must demonstrate: "(1) a violation of Section 226(a); (2) that is 'knowing and

5  intentional'; and (3) a resulting injury."  *Willner v. Manpower Inc.*, — F. Supp. 2d — , 2014 WL

6  1303495, at *8 (N.D. Cal. Mar. 31, 2014).

7       Defendant's motion for summary judgment is granted in part and denied in part.  The parties

8  have placed an example of Plaintiffs' itemized wage statement into the record.  *See* Fobroy Decl.,

9  Ex. E.  This wage statement includes two separate, inconsistent statements regarding the applicable

10  pay period and, therefore, an employee viewing the wage statement arguably would not be able to

11  properly and easily determine, from the face of the document, the applicable pay period.  *Cf.*

12  *Morgan v. United Retail Inc.*, 186 Cal. App. 4th 1136, 1146 (2010) (finding no § 226(a)(2) violation

13  because the employee "could determine the sum of all hours worked without referring to time

14  records or other documents.  The employee could simply add together the total regular hours figures

15  and the total overtime hours figure shown on the wage statement to arrive at the sum of hours

16  worked").  Whether Defendant satisfied § 226(a)(6) by providing two inconsistent pay periods on a

17  wage statement is a matter not resolvable by summary judgment.

18       Further, a genuine dispute of material fact exists as to whether Defendant's violation was

19  "knowing and intentional."  Defendants have stated in their reply that the inconsistent pay periods

20  was the result of a shortcoming in their software such that the check automatically listed the pay

21  period for retail employees, thus requiring Defendant to insert the pay period applicable to

22  warehouse employees in the "message" section of the pay stub.  Docket No. 42, at 5 n.1.  In light of

23  this explanation, it cannot at this stage that as a matter of law the violation of § 226(a)(6) was the

24  result of an "isolated" or "unintentional" payroll error caused by a "clerical or inadvertent mistake."

25  *Willner v. Manpower Inc.*, — F. Supp. 2d — 2014 WL 1303495, at *10 (N.D. Cal. Mar. 31, 2014)

26  (quoting Cal. Labor Code  § 226(e)(3)).

27       However, for violations occurring prior to January 2013, Plaintiff has failed to demonstrate

28  injury and Defendant is entitled to summary judgment.  Prior to January 2013, courts interpreted

United States District Court

For the Northern District of California

1  § 226(e) as requiring a plaintiff to show more than a mere violation of § 226(a)  *See, e.g.*, *Price v.*

2  *Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142 (2011).  Plaintiff offers no evidence of injury.

3        For violations occurring January 2013 or later, however, Defendant's motion for summary

4  judgment will be denied.  Section 226(e) was amended to provide that after January 1, 2013 an

5  employee will be "deemed to suffer injury" if an employee "cannot promptly and easily determine

6  from the wage statement alone" certain information, including the inclusive dates of the applicable

7  pay period.  Cal. Labor Code § 226(e)(2)(B).  Accordingly, under the current version of § 226(e),

8  injury is presumed.

9        For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED** to the

10  extent Plaintiff asserts a claim for a violation of  § 226(a)(6) based on pre-January 2013 wage

11  statements and **DENIED** to the extent Plaintiff asserts a claim for a violation of § 226(a)(6) based on

12  wage statements from January 2013 or later.

13  E.    <u>Defendant's Motion for Summary Judgment on Plaintiff's "Designated Pay Date" Claim Is</u>

14       <u>Granted</u>

15        Plaintiff's fourth cause of action alleges that Defendant violated California Labor Code

16  sections 204 and 210 by failing to pay Plaintiff on designated pay dates.  Labor Code  § 204

17  provides, in relevant part, that "[a]ll wages . . . earned by any person in any employment are due and

18  payable twice during each calendar month, on days designated in advance by the employer as the

19  regular paydays."  Cal. Labor Code  § 204(a).  The purpose of  § 204(a) is "to require an employer . .

20  . to maintain two regular pay days each month, within the dates required in that section."  *In re*

21  *Moffett*, 19 Cal. App. 2d 7, 13 (1937).  Labor Code § 210 provides for statutory damages for

22  violations of  § 204.  *See* Cal. Labor Code § 210(a).

23        Plaintiff argues in opposition to Defendant's motion for summary judgment that prior to May

24  2013, Defendant "maintained different pay periods and work weeks for different employees instead

25  of creating set established pay dates for all employees."  Docket No. 41, at 10; *see also* Fobroy Decl.

26  ¶ 3 ("Some employee's pay periods would go from Wednesday to Tuesday, while other employee's

27  could be from Friday through Thursday.").  Defendants do not dispute that this is, or was, the case

28  and in fact acknowledge that warehouse employees and sales staff had different pay periods.  *See*

United States District Court

For the Northern District of California

1   Docket No. 42, at 5 n.1.  However, Plaintiff has failed to cite any authority that would require an

2   employer to maintain pay periods or pay dates that are uniform for every employee, and the Court

3   has found none.

4        Further, to the extent that Plaintiff argues that Defendant violated § 204(a) because he had

5   only a single pay day in certain months, his claim is foreclosed by California Labor Code § 204(d)

6   which provides that the requirements of § 204 "shall be deemed satisfied by the payment of wages

7   for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar

8   days following the close of the payroll period."  Cal. Labor Code § 204(d).  The only evidence in the

9   record demonstrates that Defendant paid employees no more than seven days after the close of the

10  relevant semi-monthly pay period.  *See* Fobroy Decl., Ex. H.  Although some months had three pay

11  dates while others had one, the record contains no evidence that employees were not paid within

12  seven days of the close of each pay period.

13       For the foregoing reasons, Defendant's motion for summary judgment on Plaintiff's fourth

14  cause of action asserting a violation of Cal. Labor Code § 204 is **GRANTED**.

15  F.    <u>Defendant's Motion for Summary Judgment on Plaintiff's Claim for Reimbursement of</u>

16      <u>Business-Related Expenses Is Denied</u>

17       Plaintiff's fifth cause of action alleges that Defendant violated California Labor Code

18  § 2802 by failing to reimburse Plaintiff for business expenses he incurred as a result of his

19  employment.  Section 2802 requires, in relevant part, that an employer "indemnify his or her

20  employee for all necessary expenditures or losses incurred by the employee in direct consequence of

21  the discharge of his or her duties."  Cal. Labor Code § 2802(a).  "[A]scertaining what was a

22  necessary expenditure will require an inquiry into what was reasonable under the circumstances."

23  *Grissom v. Vons Companies, Inc.*, 1 Cal. App. 4th 52, 58 (1991).

24       Plaintiff in his deposition testified that he was required to purchase two work shirts from

25  Defendant and also was required to purchase screwdrivers and wire cutters necessary for his job.

26  *See* Fobroy Depo. at 132:25-133:18, 138:21-24.  Defendant fails to provide any substantive

27  argument as to why Plaintiff was not entitled to be reimbursed for the costs of these shirts, except to

28  argue that all "significant" business related expenses were reimbursed.  Docket No. 40, at 18.

1    However,  § 2802 does not have an "insignificant" or "de minimis" exception – rather, the statute

2    requires reimbursement for *all* necessary expenses incurred as a result of an employee's

3    employment.  Further, an issue of fact exists as to whether Plaintiff was required to purchase tools

4    for his job.  Plaintiff has stated in his deposition that employees were "required to supply [their] own

5    tools" and that he paid approximately $15 on screwdrivers  Fobroy Depo. at 134:16-17.  By

6    contrast, Defendant's Chief Financial Officer has declared that employees only need screwdrivers

7    and wirecutters and that these "tools are provided by the Company and employees are not required

8    or expected to purchase or use their own tools."  Prosio Decl. ¶ 4.  The Court cannot resolve this

9    factual dispute at the summary judgment stage.

10    For the foregoing reasons, Defendant's motion to dismiss Plaintiff's fifth cause of action

11    asserting a violation of Cal. Labor Code § 2802 is **DENIED**.

12    G.    Defendant's Motion for Summary Judgment on Plaintiff's Unfair Competition Claim Is

13          Denied

14    Plaintiff's eighth cause of action asserts that Defendant's failure to abide by the California

15    Labor Code violations cited in the amended violates the California Unfair Competition Law, Cal.

16    Bus. & Prof. Code § 17200.  The unlawful prong of the UCL "incorporates other laws and treats

17    violations of those laws as unlawful business practices independently actionable under state law."

18    *Smith v. LG Electronics USA, Inc.*, No. C13-4361 PJH, 2014 WL 989742, at *9 (N.D. Cal. Mar. 11,

19    2014).  Because the Court has denied Defendant's motion for summary judgment as to Plaintiff's

20    claims under Labor Code §§ 226, 226.7, 512, and 2802, Defendant is not entitled to summary

21    judgment as to Plaintiff's UCL unlawful prong claim.

22    H.    Defendant's Motion for Summary Judgment on Plaintiff's California PAGA Claim Will Be

23          Granted in Part and Denied in Part

24    Plaintiff's ninth and final cause of action asserts a claim under the California Private

25    Attorney General Act ("PAGA") on behalf of "all aggrieved current and former employees of

26    defendant."  FAC at 13.  Under PAGA, "any provision of [the Labor Code] that provides for a civil

27    penalty to be assessed and collected by the Labor and Workforce Development Agency . . . may, as

28    an alternative, be recovered by an aggrieved employee on behalf of himself or herself and current or

United States District Court
For the Northern District of California

former employees." Cal. Labor Code § 2699(a). Accordingly, in order to assert a PAGA claim, a plaintiff must properly state a viable Labor Code claim. *See Arias v. Superior Court*, 46 Cal. 4th 969, 987 (2009). An "aggrieved employee" is defined by statute as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." *Id.* § 2699(b).

As discussed *supra*, the Court has concluded that Plaintiff's meal and rest break claims (under Labor Code §§ 226.7, 512(a), accurate wage statement claim (under Labor Code § 226(a)), and reimbursement for necessary business expense claim (under Labor Code § 2802) survive summary judgment. Accordingly, Plaintiff's PAGA claim based on these alleged violations survive. By contrast, the Court has granted summary judgment as to Plaintiff's minimum wage and overtime claims and designated pay date claims. Plaintiff may not pursue a PAGA claim based on these alleged violations.

The Court now addresses the remaining alleged Labor Code violations which form the basis for Plaintiff's PAGA claims.

1.      Plaintiff's Warehouse Temperature Claim Fails

Plaintiff's FAC generally alleges that Defendant violated the provisions of "the applicable Wage order" by "[f]ailing to maintain adequate temperature because aggrieved employees in the warehouse were forced to endure temperatures that were very hot in the summer and cold in the winter." FAC ¶ 91. The applicable IWC Wage Order provides that "[t]he temperature maintained in each work area shall provide reasonable comfort consistent with industry-wide standards for the nature of the process and the work performed." *See* 8 Cal. Code Reg. § 11010, § 15(a); *id.* § 11040, § 15(a).

Plaintiff's only evidence on this claim is his declaration statement that: "Video Only did not maintain an adequate temperature in the warehouse during my employment with the Company. The temperature was often very hot in the summer and cold in the winter." Fobroy Decl. ¶ 9. He has not, however, attempted to quantify the temperature or otherwise introduce evidence of applicable "industry-wide standards." *Cf. Jeske v. Maxim Healthcare Servs., Inc.*, No. CV F 11-1838 LJO JLT, 2012 WL 78242 (E.D. Cal. Jan. 10, 2012) (dismissing similar claim as plaintiff had failed to explain

United States District Court

For the Northern District of California

"how or why the temperature . . .was not at reasonable/acceptable standards or was not consistent with industry-wide standards for the nature of the process and work performed"). Accordingly, Defendant's motion for summary judgment as to Plaintiff's PAGA claim is **GRANTED** to the extent it is based on an alleged violation of IWC Wage Order temperature provisions.

        2.      <u>Plaintiff's Claim Based on Defendant's Alleged Failure to Pay Commissions Fails</u>

Plaintiff alleges that Defendant only payed "commissioned sales persons only once per month" and "delay[ed] their commissions beyond statutory permitted time frames." FAC ¶ 92. Plaintiff's opposition to summary judgment merely restates his allegations in his amended complaint without providing any citation to evidence in the record. Accordingly, Plaintiff has failed to demonstrate the existence of a genuine dispute of fact as to this claim, and Defendant's motion for summary judgment as to Plaintiff's PAGA claim is **GRANTED** to the extent it is based on alleged violations relating to the payment of sales persons' commissions.

        3.      <u>Plaintiff's Claim Based on Defendant's Alleged Failure to Provide the Name and Location of Place Where Check Could Be Presented Fails</u>

Plaintiff next alleges that Defendant violated California Labor Code § 212 by paying aggrieved employees via a corporate account "based at PNC Bank in Philadelphia, Pennsylvania." FAC ¶ 93. California Labor Code § 212 provides, in relevant part:

> (a) No person . . . shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:
>
> > (1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument . . . .

Cal. Labor Code § 212(a)(1). Subsection (c) provides, however, that "if the drawee is a bank, the bank's address need not appear on the instrument, and, in that case, the instrument shall be negotiable and payable in cash, on demand, without discount, at any place of business of the drawee chosen by the person entitled to enforce the instrument." Cal. Labor Code § 212(c).

In his opposition, Plaintiff reiterates his assertion that Defendant did not pay employees using a California Bank. Docket No. 41, at 18-19. However, he cites to no evidence in the record to

United States District Court

For the Northern District of California

1   support his claim.  Further, Defendant has introduced evidence showing that it paid its employees

2   from an account with U.S. Bank, which has numerous locations in California.  *See* Prosio Decl.

3   ¶ 13; Declaration of Jeffrey Mann, Ex. 4 (Docket No. 40-2)[1]; *see also Weston v. FedEx Office &*

4   *Print Servs., Inc.*, 707 F. Supp. 2d 1074, 1079 - 80 (S.D. Cal. 2010) (granting summary judgment on

5   § 212 claim as paycheck was issued from Bank of America – a bank with a number of branches in

6   California).  Further, insofar as U.S. Bank is a bank, the plain terms of § 212 do not require that

7   Defendant list the bank's address on its checks or pay stubs.  *See* Cal. Labor Code § 212(c).

8         Accordingly, Plaintiff has failed to introduce evidence demonstrating that Defendant violated

9   Labor Code § 212(c).  Accordingly, Defendant's motion for summary judgment on Plaintiff's PAGA

10   claim to the extent based on Labor Code § 212 is **GRANTED**.

11         4.    <u>Defendant's Motion for Summary Judgment on Plaintiff's Direct Deposit Claim Is</u>

12             <u>Denied</u>

13         Plaintiff alleges that Defendant violated California Labor code § 213(d) by requiring Plaintiff

14   and his fellow employees to be paid through direct deposit.  FAC ¶ 94.  Section 213(d) provides that

15   an employer may deposit wages "in an account in any bank . . . of the employee's choice with a

16   place of business located in this state, provided that the employee has voluntarily authorized that

17   deposit."  Cal. Labor Code § 213(d).  This provision requires that any authorization be voluntary.

18   Thus,  in an opinion letter, the DLSE has stated that "direct deposit of wages would not be valid

19   where the employee <u>must</u>, as a condition of employment, agree to the direct deposit."  DLSE, Op.

20   Letter 1997.03.21-2, at 1, *available at* http://www.dir.ca.gov/dlse/opinions/1997-03-21-2.pdf; *see*

21   *also Sperry v. Securitas Security Services, USA, Inc.*, No. C13-0906 RS, 2014 WL 1664916 (N.D.

22   Cal. Apr. 25, 2014) ("While DLSE letters are not entitled to deference, federal courts in California

23

24         [1] Plaintiff objects to the consideration of this exhibit, contending that defense counsel "is not
the proper party to authenticate this website information."  Docket No. 41, at 19.  Plaintiff's

25   objection is overruled.  Even if defense counsel is not the proper party to authenticate the website
printout in question, that U.S. Bank has several locations in the San Francisco Bay Area is a fact

26   properly subject to judicial notice. *See, e.g.*, *Pilchesky v. United States*, No. 3:08-MC-0103, 2008
WL 4452672 (M.D. Pa. Sept. 29, 2008) ("The Court . . . takes judicial notice . . . of the fact that

27   Wachovia Bank, N.A. has a location at 101 N. Main Street in Scranton, Pennsylvania and that
Community Bank, N.A. & First Liberty Bank Trust has a location at 1300 Wyoming Avenue in

28   Scranton, Pennsylvania.").

1    have nonetheless recognized their persuasive value on matters pertaining to Labor Code

2    compliance.").

3          Defendant contends that Plaintiff authorized Defendant to pay him via direct deposit, citing

4    Plaintiff's executed direct deposit agreement.  *See* Prosio Decl., Ex. B.  However, Plaintiff has

5    testified that before he signed this agreement, he asked about being paid by check, and his

6    supervisor stated: "No.  This [direct deposit] is the only way we pay."  Fobroy Depo. at 75:14-19.

7    This testimony, combined with Defendant's employee handbook which provided that "[a]s an

8    additional benefit you will receive your pay via **direct deposit** into your checking or savings

9    account," *see* Fobroy Decl., Ex. F (emphasis in original), is sufficient to create a genuine dispute of

10   material fact as to whether Defendant violated § 212(d).

11         Accordingly, Defendants' motion for summary judgment as to Plaintiff's PAGA claim based

12   on alleged violations of § 212(d) is **DENIED**.

13         5.    Alleged Credit Report Violations

14         Plaintiff alleges that Defendant violated California Labor Code § 1024.5 by obtaining credit

15   reports of its employees.  FAC ¶ 95.  Section 1024.5 provides that an "employer or prospective

16   employer shall not use a consumer credit report for employment purposes unless the position of the

17   person for whom the report is sought" is, for example, a managerial position, a law enforcement

18   position, a position requiring access to confidential or proprietary information, and the like.  *See* Cal.

19   Labor Code § 1024.5(a).  Defendant's Chief Financial Officer has declared that Defendant never

20   requested or obtained Plaintiff's credit report.  Prosio Decl. ¶ 8.  Plaintiff does not dispute this, but

21   merely states that he "believe[s] that during my employment Video Only ran my credit report

22   without my permission."  Fobroy Decl.  ¶ 9.[2]  Plaintiff's unsubstantiated belief, devoid of any record

23   support, is insufficient to create a genuine dispute of material fact as to this claim.  Accordingly,

24   Defendant's motion for summary judgment as to Plaintiff's PAGA claim based on an alleged

25   violation of Labor Code § 1024.5 is **GRANTED**.

26

27   _____

28         [2] Plaintiff's opposition merely restates this "belief" without providing any information or
record support.  Docket No. 41, at 18 n.6.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1     6.     Alleged Safety Violations

2     Finally, Plaintiff alleges that Defendant has violated multiple safety regulations under

3     California's Occupational Safety and Health Act ("Cal-OSHA").  Specifically, Plaintiff points to:

4     (1) Improperly registered trucks; (2) a truck with a cracked windshield: (3) a truck's gear shifter's

5     locking mechanism being disabled such that it could be knocked into park, neutral or reverse while

6     driving; (4) a truck having a broken weld on the lift gate; (5) quarter inch bolts sticking up from the

7     concrete floor of the warehouse; and (6) failure to provide plaintiffs with safety equipment necessary

8     to service forklift batteries.  However, Plaintiff fails to cite any specific OSHA provisions he

9     believes Defendant violated, instead he generally cites "Labor Code section 6300, *et seq*."  Docket

10    No. 41, at 19.

11    The Court declines to sift through the almost 200 sections that comprise Cal-OSHA to

12    determine which, if any, Defendant may have violated based on the record presented by Plaintiff.

13    Plaintiff has failed to allege with any degree of precision which statutory provisions the Defendant

14    violated.  Accordingly, Defendant's motion for summary judgment on Plaintiff's PAGA claim to the

15    extent it is based on alleged safety violations is **GRANTED**.  *Cf. Nguyen v. McHugh*, No. 13-CV-

16    01847-LHK, 2014 WL 4182694, at *22 (N.D. Cal. Aug. 22, 2014) ("Because Plaintiff fails to

17    specify which specific statutes or regulations Defendant is alleged to have violated, the Court

18    declines to 'scour' the U.S. Code and Federal Registrar for potential issues of triable fact.").

19                          **III.    CONCLUSION**

20    For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED** in part

21    and **DENIED** in part.  Defendant's motion for summary judgment is denied as to Plaintiff's claims

22    based on: (1) meal and rest break violations based on Cal. Labor Code §§ 226.7, 512; (2) § 226(a)

23    violations to the extent based on failures to accurately list the applicable pay period on pay stubs

24    after January 1, 2013; and (3) failure to reimburse necessary business expenses in violation of Cal.

25    Labor Code § 2802.  Finally, Defendant's motion for summary judgment as to Plaintiff's PAGA

26    claims is denied to the extent this claim is based on the three alleged violations just listed as well as

27    violations of California Labor Code § 212(d).

28

Defendant's motion for summary judgment is granted as to the following claims: (1) overtime and minimum wage violations based on Cal. Labor Code § 510 and (2) "designated pay date" violations based on Cal. Labor Code § 204.  In addition, Defendant's motion for summary judgment as to Plaintiff's PAGA claim is granted to the extent it is based on these two alleged violations just listed as well as violations based on the alleged warehouse temperature, Defendant's alleged failure to pay commissions, alleged violations of Cal. Labor Code § 212, alleged violations of Cal. Labor Code § 1024,5, or Defendant's alleged safety violations.

This order disposes of Docket No. 40.


IT IS SO ORDERED.


Dated:  November 14, 2014

_____
EDWARD M. CHEN
United States District Judge